IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ACCOR NORTH AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-CV-576 |
| | § | |
| OAKLEAF WASTE MANAGEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO STAY OR, IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL**

The following are pending before the court:

1. Memorandum of law in support of Defendant's motion to stay or, in the alternative, for partial dismissal (docket entry #8);

2. Accor North America, Inc.'s response to Defendant's motion to stay or, in the alternative, for partial dismissal (docket entry #9); and

3. Reply in support of Defendant's motion to stay or, in the alternative, for partial dismissal (docket entry #10).

Having considered the Defendant's motion and the responsive briefing thereto, the court finds that the motion should be denied.

### BACKGROUND

On October 15, 2007, Oakleaf Waste Management, LLC ("Oakleaf") filed a lawsuit against Accor North America, Inc. ("Accor") in Connecticut state court seeking declaratory relief. According to the state court complaint, Oakleaf and Accor entered into a Master Agreement in which Oakleaf agreed to provide waste management and recycling services to Accor in exchange for payment. Oakleaf alleges in its complaint that Accor defaulted on its obligation to make timely

-1-

payments to Oakleaf; as such, Oakleaf terminated the agreement. Oakleaf seeks declaratory relief regarding the propriety of its termination of the agreement. Oakleaf further seeks declaratory relief and an accounting of the amounts due and owing by Accor to Oakleaf under the agreement.

Thereafter, on December 3, 2007, Accor filed the instant lawsuit against Oakleaf in the 16th Judicial District Court of Denton County, Texas seeking damages for breach of contract, fraud and fraudulent inducement. Oakleaf subsequently removed the lawsuit to this court on December 26, 2007. The Connecticut lawsuit and the instant lawsuit center on the same contract.

## LEGAL STANDARD

The Defendant seeks a stay of the instant action pending resolution of the Connecticut state court action. "As a general rule, federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction given them." *Melo v. Gardere Wynne Sewell LLP*, 2005 WL 991600, *1 (N.D. Tex. 2005), citing *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002). "However, a federal court may stay or dismiss a case in favor of a concurrent state court proceeding in 'extraordinary and narrow' circumstances based on considerations of ' "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." '" *Id.*, quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999), quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

"One of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief." *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005) (citation omitted). "If the federal suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by a standard derived from *Brillhart v.*

*Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)." *Id*. (citations omitted). "If the suit involves a request for monetary or other relief, the district court's discretion to stay is 'narrowly circumscribed' by its obligation to hear cases within its jurisdiction, even if declaratory relief is also requested, and the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)." *Id*. at 250-51 (citations omitted).

"*Colorado River* discretion to stay is available only where the state and federal proceedings are parallel – i.e., where the two suits involve the same parties and the same issues." *Id*. at 251 (citations omitted). "If the proceedings are parallel, the court must engage in a multi-factor analysis to determine whether exceptional circumstances support deference to the state court." *Id*. at n.11 (citations omitted). "Those factors include: (1) either court's assumption of jurisdiction over a res; (2) the relative convenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained in the fora; (5) whether and to what extent federal law governs the case; and (6) the adequacy of the state proceeding." *Id*.

## DISCUSSION AND ANALYSIS

Since the instant action involves a request for monetary relief, the court applies the *Colorado River* standard. Oakleaf argues that the Connecticut action and the instant action are parallel. Accor argues to the contrary. "'A suit is "parallel" when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Melo*, 2005 WL 991600 at *1 (citation omitted). "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Id*. at *2.

Here, the parties to both suits are identical. However, the same is not true with respect to the

issues. In the Connecticut state court action, Oakleaf seeks certain declarations regarding the underlying contract. In the instant action, Accor seeks damages for breach of contract, fraud and fraudulent inducement regarding the same underlying contract. If the issues before this court sounded in contract alone, the court would concur with Oakleaf's position that the two lawsuits are parallel. However, the court is confronted with the additional claims of fraud and fraudulent inducement, both of which contemplate a set of facts independent of the breach of contract claim.

Oakleaf attempts to circumvent the non-parallel nature of the two proceedings by moving for a dismissal of Accor's fraud and fraudulent inducement claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, dismissal for failure to state a claim does not require the appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of its claim that would entitle it to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating its claim, that the claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

Oakleaf argues that as a matter of law pursuant to the "independent injury rule," Accor's fraud claim must fail. Oakleaf contends that because Accor's losses, if any, arise solely from the breach of the underlying contract and because Accor has not alleged any loss independent of its

contract damages, Accor's cause of action sounds in contract, not in tort. In response, Accor argues that its fraud claim is covered by an exception to the independent injury rule in that Oakleaf entered into the contract with no intention of performing. With respect to Accor's fraudulent inducement claim, Oakleaf's arguments are fact intensive. Having reviewed the complaint herein, the court finds that dismissal of Accor's fraud and fraudulent inducement claims at this stage would be premature. While Accor's fraud and fraudulent inducement claims might not survive a motion for summary judgment, they inherently require the court to review their factual bases. However, a Rule 12(b)(6) motion does not permit such a review. Accordingly, since Accor's fraud and fraudulent inducement claims remain pending, the court finds that the Connecticut state court lawsuit and the instant lawsuit are not parallel.[1] As such, pursuant to the *Colorado River* standard, this court does not have discretion to stay this matter.

Although the court concludes that abstention is not warranted under the *Colorado River* doctrine, Oakleaf argues that the court has the inherent power to stay these proceedings. "Even if abstention is not warranted under the *Colorado River* doctrine, a federal court has the inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Melo*, 2005 WL 991600 at *3 n.3, quoting *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983), quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). The Fifth Circuit, however, has declined to recognize such inherent power with respect to non-equity suits. This court declines to do so as well. *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 681-82 (5th

---

[1] Since the court concludes that the two lawsuits are not parallel, the court need not perform the multi-factor analysis to determine whether exceptional circumstances support deference to the state court.

Cir. 1973).

## CONCLUSION

Based on the foregoing, the court hereby **DENIES** the Defendant's motion to stay or, in the alternative, for partial dismissal (docket entry #8).

IT IS SO ORDERED.

**SIGNED this the 29th day of September, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE